### JOHN SAWTELL *versus* WILLIAM PIKE.

Where the defendant gave a bond to convey his "right, title and interest in and to the lath machine and the water therefor, which is under saw mills number three and four at Union mills, in Calais, for so long a time as those mills shall stand," the condition of which was, that if the defendant should "make and execute and deliver to the obligee, or to his heirs or assigns, a deed of release and quitclaim of said defendant's said interest in said machine for said term of time, and should in the meantime, suffer and permit the obligee, his executors, administrators and assigns peaceably to occupy and improve said machine;" then the obligation to be void, &c. *It was held*, that the defendant thereby contracted only to convey his own interest, whatever it might be in the subject matter of the contract, and that having given a deed in the terms of the bond, it was no breach that the obligee had been ousted by a higher and better title.

THIS was debt on a bond, dated March 24, 1832, the condition of which was as follows:—"that whereas the said Pike has contracted to convey by deed of release and quitclaim, his right, title and interest in and to the lath machine and the water therefor which is under saw mills number three and four, at Union mills in said Calais, for as long a time as these mills, numbered three and four shall stand; and the said Sawtell in consideration thereof has given to said Pike his, the said Sawtell's, two notes of this date for one hundred dollars, one to be paid in three months, and the other in six months, both with interest, and one other note of this date for $145 with interest, $100 thereof to be paid the first of July, 1833, and the rest the first of Nov. 1833; now if after the payment of said notes at the times and in the manner above named, and at the request of the said Sawtell, his heirs or assigns, the said Pike shall make

Sawtell *v.* Pike.

and execute and deliver to said Sawtell, or to his heirs or assigns a deed of release and quitclaim of said Pike's said interest in said machine, for said term of time and shall in the meantime suffer and permit the said Sawtell, his executors, &c &c. to peaceably occupy and improve said machine, &c. &c. then this obligation to be void, otherwise to remain in full force and virtue."

The bond in this case was assigned to Neal D. Shaw, for whose benefit this suit was brought.

It appeared that the plaintiff and those under him, entered into the occupation of the lath machine and occupied it till the spring of 1835, when their occupation was terminated by Hartshorn and Ellis, hereafter named.

On the 31st of July, 1832, the defendant by deed of release conveyed all his interest in mills number three and four under which the machine was placed, to Hartshorn and Ellis. It was admitted that the payments required by the bond were duly made.

The defendant read a deed of mortgage dated July 22d, 1826, from himself to said Hartshorn and Ellis; likewise a deed between the same parties dated July 15, 1829, by which it appeared that the condition of the mortgage was broken, and that the grantees had entered by consent for condition broken.

It further appeared, that the lath machine had been placed under the mills after the execution of the mortgage before mentioned; that the defendant executed and tendered to the said Shaw on June 2d, 1838, before the commencement of this suit, a deed bearing date May 30, 1838, in conformity with the terms of the bond, which was accepted by said Shaw not as a performance of all the stipulations in the bond, but of those only requiring the deed to be executed and delivered.

Upon this testimony SHEPLEY J. by consent, ordered a nonsuit, which is to be set aside and a new trial granted if the plaintiff can maintain his suit.

Sawtell *v.* Pike.

*Downes*, for the plaintiff, cited Powell on Contracts, 162; 5 Dane's Abr. 105; *Charles* v. *Dana*, 14 Maine R. 383; *Manning* v. *Brown*, 1 Fairf. 49.

*B. Bradbury*, for the defendant, referred to 2 Saund. on Pl. & Ev. 411; *Barker* v. *Parker*, 1 D. & E. 287; *Pearsall* v. *Summersett*, 4 Taunt. 593; *Dedham Bank* v. *Chickering*, 3 Pick. 335.

The opinion of the Court was by

WESTON C. J. — The assignee of the bond has accepted a deed as provided for in the condition. The breach he now relies upon is, that he has not been permitted quietly to enjoy, as the condition requires. The subject matter of the purchase by Sawtell was, the defendant's " right, title and interest in and to the lath machine and the water therefor, which is under saw mills number thee and four at Union mills in Calais, for so long a time, as these mills shall stand." This, the condition, in which the subject matter is twice described in the same way, requires he should release and convey. It further provides, that before the payments stipulated and the execution of the deed, the defendant " shall, in the mean time, suffer and permit the said Sawtell, his executors, administrators and assigns, peaceably to occupy and improve said machine." This must be understood to mean the defendant's interest therein, which was what the defendant undertook to convey. This part of the condition must be governed and restrained by the previous recitals, which set forth the subject matter of the instrument. *Lord Arlington* v. *Merricke*, 2 Saund. 211, and note 5; *Barker* v. *Parker*, 1 T. R . 287; *Pearsall* v. *Summersett*, 4 Taunt. 593.

Upon this construction, which looking at the whole condition, is according to its legal effect, it appeared at the trial that the assignee was permitted to enjoy all the right, title and interest the defendant had in the subject matter, when the bond was executed.

*Nonsuit confirmed.*